UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAYMOND FRANKLIN PEAKE, III, | Civil Action No. 17-352-BRM |
| Petitioner, | |
| v. | **OPINION** |
| STEPHEN JOHNSON, et al., | |
| Respondents. | |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is the petition for a writ of habeas corpus of Raymond Franklin Peake, III, ("Petitioner") brought pursuant to 28 U.S.C. § 2254. (ECF No. 1.) On January 26, 2017, this Court, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, entered an order directing Petitioner to show cause why his petition should not be dismissed with prejudice as time barred. (ECF No 4.) On March 8, 2017, Petitioner filed a response to that order. (ECF No. 5.) On April 224, 2017, Petitioner filed a motion requesting that the Court take judicial notice of an alleged *Brady* violation and permit Petitioner to engage in discovery. (ECF No. 6.) For the reasons set forth below, Petitioner's petition is **DISMISSED WITH PREJUDICE** as time barred, Petitioner is **DENIED** a certificate of appealability ("COA"), and Petitioner's motion for judicial notice and permission to engage in discovery is **DENIED**.

I. **BACKGROUND**

The Superior Court of Pennsylvania summarized the procedural history of this matter in its opinion affirming the dismissal of Petitioner's second Post Conviction Relief Act (PCRA) petition as time barred:

> On August 16, 2012, [Petitioner] entered a negotiated plea of *nolo contendere* to second-degree murder and theft by unlawful taking

1

> related to the shooting death of Todd Getgen at a rifle range in Cumberland County. Pursuant to the plea negotiations, the trial court sentenced [Petitioner] to life imprisonment without the possibility of parole. [Petitioner] did not file a direct appeal. His judgment of sentence therefore became final on September 15, 2012. 42 Pa.C.S. § 9545(b)(3) [a conviction becomes final for PCRA purposes at the conclusion of direct review or the expiration of the time for seeking such review].
>
> [Petitioner] timely filed his first PCRA Petition on August 19, 2013, raising several claims of ineffective assistance of counsel. The PCRA court denied the Petition as meritless on January 27, 2014, and this Court affirmed the denial on June 24, 2014[, in] *Commonwealth v. [Peake]*, No. 2198 MDA 2013 (Pa. Super[.] June 24, 2014) (unpublished memorandum). [Petitioner] did not file a Petition for Allowance of Appeal in the Pennsylvania Supreme Court.
>
> [Petitioner] filed the instant PCRA Petition on July 6, 2015. The PCRA court dismissed this second Petition as untimely on August 12, 2015.

*Commonwealth v. Peake*, No. 1581 MDA 2015, 2016 WL 2611039, at *1 (Pa. Super. May 5), *petition for appeal denied*, 2016 WL 6605097 (Pa. Nov. 8, 2016); (*see also* ECF No. 1 at 1-9). Following the dismissal of his second PCRA petition as time barred, Petitioner filed an appeal with the Superior Court of Pennsylvania, which affirmed the dismissal. *Peake*, 2016 WL 2611039 at *1. Petitioner then filed a petition for allowance of appeal with the Pennsylvania Supreme Court, which was denied on November 8, 2016. *Peake*, 2016 WL 6606097 at *1. On or about January 7, 2017, Petitioner filed his current habeas petition. (ECF No. 1 at 16-17.)

On or about April 18, 2017, Petitioner filed in this Court a motion requesting that the Court take judicial notice of an alleged *Brady* violation and permit him to engage in discovery. (ECF No. 6.) In his motion, Petitioner contends he was subjected to a polygraph at his own request prior to his *nolo contendere* plea in his criminal case. (*Id.* at 2-3.) Petitioner contends the polygraph showed he was truthful when he denied committing the murder, but that the police who conducted the test

told him "[I]t does not matter[;] we still have the [murder] weapon to be tested." (*Id.* at 3.) Petitioner contends the District Attorney in his criminal case acted improperly in charging him based on his possession of the murder weapon and various other forms of evidence, because the polygraph suggested he did not commit the murder. (*Id.*)

In his motion, Plaintiff argues the "result" of his polygraph test was not turned over to him prior to his plea, and he therefore was denied exculpatory evidence, despite apparently having been told of the result at the time of the test by the investigating officers. (*Id.*; ECF No. 6-1.) He states he has sought the results of his polygraph test but has been unable to discover any such document.

Petitioner's belief that such a document exists appears to come from a letter he sent to the Cumberland County Clerk of Court requesting documents from his criminal case some time prior to October 17, 2016. (*See* ECF No. 6-2 at 1.) ,. (*Id.*) In that letter, the Clerk of Court for Cumberland County, Pennsylvania sent Petitioner copies of his plea colloquy and rights form, but responded to Petitioner's other requests as follows: "However, per your request we do have the following items in your Criminal Case file[: a] copy of your confession, results of a polygraph, a ballistic test, or a copy of a FBI report." (*Id.*) When Petitioner requested these other documents again, the Clerk informed Petitioner there had been a typo in the first letter. (*Id.* at 2-3.) The Clerk informed Petitioner the first letter should have indicated the Clerk did "**NOT** have such items." (*Id.*) Petitioner appears to argue the first letter's typo amounts to newly discovered evidence of a report that was not turned over to him, which he believes constitutes a *Brady* violation. (*Id.* at 1-3.) However, this point is contradicted by the second letter. (*Id.* at 3.)

## II. LEGAL STANDARD

Under 28 U.S.C. § 2254(a), the district court "shall entertain an application for a writ of habeas corpus [o]n behalf of a person in custody pursuant to the judgment of a State court only on

3

the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." A habeas petitioner has the burden of establishing his entitlement to relief for each claim presented in his petition based upon the record that was before the state court. *See Eley v. Erickson*, 712 F.3d 837, 846 (3d Cir. 2013); *see also Parker v. Matthews*, --- U.S. ---, ---,132 S. Ct. 2148, 2151 (2012). Under the statute, as amended by the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244 ("AEDPA"), district courts are required to give great deference to the determinations of the state trial and appellate courts. *See Renico v. Lett*, 559 U.S. 766, 772-73 (2010).

Where a claim has been adjudicated on the merits by the state courts, the district court shall not grant an application for a writ of habeas corpus unless the state court adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). Federal law is clearly established for these purposes where it is clearly expressed in "only the holdings, as opposed to the dicta" of the opinions of the United States Supreme Court. *See Woods v. Donald*, --- U.S. ---, ---, 125 S. Ct. 1372, 1376 (2015). "When reviewing state criminal convictions on collateral review, federal judges are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Id.* Where a petitioner challenges an allegedly erroneous factual determination of the state courts, "a determination of a factual issue made by a State court shall be presumed to be correct [and the] applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, this Court is required to preliminarily screen Petitioner's habeas petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Under this Rule, the Court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

## III. DECISION

### A. Petitioner's original habeas petition is time barred

All habeas petitions filed pursuant to § 2254 are subject to a one-year statute of limitations. *See Munchinski v. Wilson*, 694 F.3d 308, 327 (3d Cir. 2012); *Figueroa v. Buechele*, No. 15-1200, 2015 WL 1403829, at *2 (D.N.J. Mar. 25, 2015). That one year statute of limitations, in the ordinary course, begins to run on the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court." *Figueroa*, 2015 WL 1403829 at *2. There are, however, three other alternative start dates that apply under certain limited circumstances: (1) the date on which an impediment to filing an application is removed where that impediment was caused by State action in violation of federal statutory or constitutional law; (2) the date on which a new right is recognized by the Supreme Court where the Supreme Court makes that right retroactive to cases on collateral review; or (3) the "date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(B)-(D). Where the date on which the limitations period begins to run differs for some of the claims contained in a petitioner's habeas petition, the one-year limitations period is applied and evaluated on a "claim-by-claim basis." *Munchinski*, 694 F.3d at 327 (quoting *Fielder v. Varner*, 379 F.3d 113, 118 (3d Cir. 2004)).

5

Because both claims in Petitioner's original habeas petition challenge aspects of his attorneys' representation of him prior to his *nolo contendere* plea, it is clear that the statute of limitations for those claims runs from the date on which his conviction became final, as none of the exceptions to that general rule apply to those claims. 28 U.S.C. § 2244(d)(1). Given the procedural history recounted above, Petitioner's conviction became final on September 15, 2012, when the time for filing a direct appeal of his plea and sentence expired. Petitioner's one-year statute of limitations thus began to run on that date and, absent tolling, all of the claims contained in Petitioner's original petition were time barred as of September 15, 2013.

The one-year limitations period is subject to statutory tolling, which applies during the period in "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment is pending." *Munchinski*, 694 F.3d at 327 (quoting 28 U.S.C. § 2244(d)(2)). Such tolling only applies to those collateral attacks that are "properly filed." *Id.* As such, the Supreme Court has expressly held that a collateral attack will not toll the statute of limitations where that attack is determined to have been untimely filed by the state courts. *See Pace v. DiGuglielmo*, 544 U.S. 408, 412-17 (2005).

Here, Petitioner timely filed his first PCRA petition on August 19, 2013, while twenty-seven days remained in his one-year limitations period. That first petition remained pending until July 24, 2014, when Petitioner failed to file a petition for allowance of appeal with the Pennsylvania Supreme Court within the time allotted by the Pennsylvania procedural rules. *Peake*, 2016 WL 2611039 at *1; *see also* Pa. R. App. P. 1113(a) (petition for allowance of appeal must be filed within thirty days of entry of judgment by Pennsylvania Superior Court). Petitioner's one-year limitations period, absent equitable tolling, thus expired twenty-seven days later, on August 20, 2014.

Petitioner did not file his second PCRA petition until August 12, 2015, nearly a year later. *Peake*, 2016 WL 2611039 at *1. Petitioner's second PCRA petition was untimely unless he could establish equitable tolling for the year between August 2014 and August 2015. Petition cannot establish tolling, however, because the Pennsylvania courts determined his second petition was filed out of time, and thus not "properly filed." *Pace*, 544 U.S. at 412-17; *Peake*, 2016 WL 2611039 at *1. Therefore, in order for his current habeas petition to be timely, Petitioner would have to establish he is entitled to approximately twenty-eight months of equitable tolling sufficient to cover the period between August 20, 2014, and his filing of his habeas petition on January 7, 2017.

As this Court noted in the Order to Show Cause, equitable tolling "is a remedy which should be invoked 'only sparingly.'" *United States v. Bass*, 268 F. App'x 196, 199 (3d Cir. 2008) (quoting *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998)). To receive the benefit of equitable tolling, a petitioner must show "(1) that he faced 'extraordinary circumstances that stood in the way of timely filing,' and (2) that he exercised reasonable diligence." *United States v. Johnson*, 590 F. App'x 176, 179 (3d Cir. 2014) (quoting *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011)).

In his response to the Order to Show Cause (ECF No. 5), Petitioner appears to assert[1] only a single basis for equitable tolling – that he asked his attorneys to appeal his original plea, but that they failed to file his appeal. Petitioner submits three letters to his attorneys, sent on August 30,

---

[1] Although Petitioner states in his response that he intended to file a "certification" and "legal argument" alongside his response (ECF No. 5), he instead provided the Court with a copy of another inmate's letter to another judge of this Court, a portion of a plea rights form and colloquy conducted when he pled guilty, and letters he sent to his various attorneys after his plea and after his first PCRA petition. (*See* ECF Nos. 5 and 5-2.) This Court construes these documents to be Petitioner's attempt to show that he wished to appeal, but his attorneys failed to act on that wish.

7

2012, March, 12, 2013, and June 21, 2013, in which he either expressed a desire to appeal or asks about the status of his appeal. (ECF No. 5-2 at 4-6.) Even if this Court found these letters established both Petitioner's diligence and the "extraordinary circumstances" of his attorney's apparent abandonment of his appeal, Petitioner's habeas petition remains untimely. Petitioner sent the three letters before he filed his first PCRA Petition on August 19, 2013. *Peake*, No. 1581 MDA 2015, 2016 WL 2611039, at *1. The letters cannot show any justification for Petitioner's inaction between August 20, 2014, and his filing of his habeas petition on January 7, 2017. Furthermore, Petitioner attaches to his response a letter indicating counsel informed him in November 2014 that he had no further available state court remedies and that he might instead be able to file a habeas petition. (ECF No. 5-2 at 7). Petitioner received counsel's instruction to file a habeas petition more than two years before Petitioner filed the petition.

Instead of pursuing a habeas petition when he was advised by counsel to do so, Petitioner chose to file an untimely second PCRA in the state courts. As recounted above, because that second petition was untimely, it provides Petitioner with no basis for tolling, and thus even in this best-case scenario Petitioner's one-year habeas limitations period would have expired as of November 7, 2015, more than a year before Petitioner filed his habeas petition. Thus, all of Petitioner's original habeas claims are well and truly time barred, and Petitioner's habeas petition must be dismissed with prejudice.

**B.    Petitioner's motion for judicial notice and discovery**

Having found that all of the claims in Petitioner's original petition are time barred, the Court now turns to Petitioner's motion seeking "judicial notice" of his alleged *Brady* claim. In his motion, Petitioner appears to seek two things: (1) to amend his habeas petition to add a claim under *Brady v. Maryland*, 373 U.S. 83 (1963), based on his having allegedly been denied the results of

8

a polygraph examination; and (2) permission to conduct discovery to prove his claim. Petitioner's purported *Brady* claim would be time barred and his amendment futile if the statute of limitations for that claim runs from the date his conviction became final for the reasons explained above. *See Russell v. Martinez*, 325 F. App'x 45, 46 (3d Cir. 2009) (permission to amend habeas petition "need not be granted where the amendment would be futile"). Therefore, the Court must determine whether the statute of limitations on Petitioner's *Brady* claim began running on a different date.

*Brady* claims sometimes warrant a later start date for the habeas limitations period, because they are based on newly discovered evidence and the claims could ripen until the evidence was discovered. *See, e.g., Munchinski*, 694 F.3d at 327; 28 U.S.C. § 2244(d)(1). In order to show that he is entitled to a later start date, however, Petitioner must establish either that the basis for his *Brady* claim could not have been discovered through due diligence prior to one year before he filed his current petition, or show that he was barred from bringing this claim prior to January 7, 2016, due to some unconstitutional state action. § 2244(d)(1)(B), (D). Generally, a *Brady* petitioner must identify the documents he believes were unconstitutionally denied and establish that he could not have learned of their existence through due diligence at an earlier date, or that the state actively prevented him from acquiring the documents. *Munchinski*, 694 F.3d a 327-28; *Rinaldi v. Gillis*, 248 F. App'x 371, 378 (3d Cir. 2007). Petitioner has established neither.

Petitioner has presented the Court with no new evidence supporting his alleged *Brady* claim. According to Petitioner's own certification, the polygraph in question was undertaken at his suggestion, and the investigating officers specifically acknowledged to him during the examination that he appeared to be being truthful when he said he did not kill the victim. (ECF No. 6-1 at 2). Thus, to the extent Petitioner asserts he could not have discovered sooner that he "passed" the polygraph, he clearly knew of the polygraph results prior to his plea and conviction. Indeed,

9

portions of his pre-trial record, which he attaches to his motion, clearly indicate the admissibility of the polygraph was directly litigated prior to his *nolo contendere* plea. Thus, it appears Petitioner was aware of any "results" from the polygraph prior to trial, and Petitioner cannot show, acting with due diligence, he could not have discovered this information prior to January 2016.

Petitioner has also failed to show an actual report of his polygraph results exists. Instead, Petitioner provides the Court with two letters from the Clerk of Court for Cumberland County Pennsylvania that establish no such document exists. Petitioner's insistence to the contrary is based on the Clerk's October 2016 letter, which the Clerk corrected. The Clerk's February 2017 letter unambiguously states the Clerk "do[es] **NOT** have" any such document, and any statement to the contrary was a result of a typographic error. Thus, the October letter from the clerk, which is the only arguably "new" evidence Petitioner presents to support his *Brady* claim is flatly contradicted by the later letter. The Court finds, therefore, Petitioner has failed to show that the factual predicate for his claim could not have been discovered prior to January 2016.

To the extent Petitioner asserts there was an unconstitutional bar placed in his way by the state, he has failed to make any such showing. Petitioner has not provided any document he was previously denied, but suggests such a document must exist because of the typo in the Clerk's first letter. The second letter refutes that assertion and states the Clerk has no such document, and is aware of none. Petitioner has presented the Court with nothing more than his own assertion, devoid of any support, that this alleged document exists at all, and has not shown that the state has somehow stood in the way of his acquiring any document.

The court finds, therefore, Petitioner has thus failed to show that the state has unconstitutionally prevented him from raising a *Brady* claim, and has not established that his new claim warrants a later limitations date than either of the claims in his original petition, which this

Court finds are time barred. Petitioner's *Brady* claim is also time barred, and his request to amend to add that claim would be futile.

The only remaining argument Petitioner appears to have to avoid this time bar issue with regards to his *Brady* claim is his assertion that the theoretical polygraph report would show that he is actually innocent of the murder to which he pled. While the Supreme Court has held that a Petitioner who shows that he is actually innocent of the offense of which he was convicted can use that showing of innocence as a gateway claim through which this Court could review his otherwise time barred claims, *see McQuiggan v. Perkins*, --- U.S. ---, ---, 133 S. Ct. 1924, 1934-46 (2013), a petitioner must do more than merely assert his innocence to make out such a gateway claim of innocence. In order to make out a gateway claim of actual innocence, a petitioner must show "that it is more likely than not that no reasonable juror would have convicted him" in light of some newly raised evidence. *Id.* at 1935; *see also Albrecht v. Horn*, 485 F.3d 103, 126 (3d Cir. 2007). To meet this requirement, a petitioner must present "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented" prior to his conviction. *Hubbard v. Pinchak*, 378 F.3d 333, 339-50 (3d Cir. 2004). Both the Supreme Court and the Third Circuit have recognized that, because the bar facing a petitioner attempting to establish actual innocence is so high, actual innocence claims "in virtually every case . . . been summarily rejected." *Id.* at 341.

Petitioner has not shown that he is actually innocent of the crime to which he pled. Although Petitioner claims his polygraph showed he appeared to tell the truth when he denied killing the victim, as the PCRA court observed in denying Petitioner's first petition, the evidence against him was considerable. *See Commonwealth v. Peake*, No. 2198 MDA 2013, 2014 WL 10917064, at *3-6 (Pa. Super. June 24, 2014). The PCRA court found the evidence against

11

Petitioner to have been "overwhelming" and noted Petitioner "was in possession of two stolen guns [taken from the gun range at which the murder occurred] including [the victim's] rifle, the gun used to murder [the victim] was registered to [Petitioner], [Petitioner] attempted to hide the stolen guns along with the murder weapon in [his] storage locker, [Petitioner] purchased manuals on how to evade advanced police interview techniques, and [Petitioner's] involvement with an anti-Government group." *Id.* at *7. The record also included Petitioner's own inconsistent statements in which he first said "he was not even at the Rifle Range on the day of the murder and then admitted not only being present at the Rifle Range but that he was present during the murder." *Id.*

Petitioner has failed to present any "new" evidence that would lead the Court to conclude that no reasonable juror could have found him guilty in light of the "overwhelming" amount of evidence which led Petitioner to enter his *nolo contendere* plea. Petitioner has failed to show he is innocent of the crime to which he pled, and thus cannot make out a gateway claim which would permit him to evade the statute of limitations applicable to this petition. *McQuiggan*, 133 S. Ct. at 1935; *Hubbard*, 378 F.3d at 339-50. Petitioner's *Brady* claim is therefore also time barred, and any attempt to amend his habeas petition to include such a claim must be denied as futile.[2] *Russell*, 325 F. App'x at 46. Because this Court will deny Petitioner's motion to amend to add a *Brady* claim as futile, Petitioner's request that he be permitted to engage in open ended discovery to prove that claim must in turn be denied. Petitioner's motion will therefore be denied in its entirety.

---

[2] Although the Court does not address the issue in detail because the *Brady* claim is time barred, Petitioner's *Brady* claim also does not appear to have been raised before the PCRA court and would thus also be subject to dismissal for lack of exhaustion. *See, e.g.,* 28 U.S.C. § 2254(b)(1); *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Tinsley v. Johnson*, No. 10-3365, 2011 WL 5869605, at *3 (D.N.J. Nov. 22, 2011); *see also Ragland v. Barnes*, No. 14-7924, 2015 WL 1035428, at *1-3 (D.N.J. March 10, 2015). Petitioner's motion seeking to amend his petition to add a *Brady* claim would be futile for that reason as well.

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. §2253(c), a petitioner may not appeal from a final order in a habeas proceeding where that petitioner's detention arises out of his state court conviction unless he has "made a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because jurists of reason would not disagree with this Court's ruling that Petitioner's motion is time barred and that he has failed to establish that he is entitled to overcome the time bar through tolling or actual innocence, Petitioner's motion is inadequate to deserve encouragement to proceed further and no certificate of appealability shall issue.

## V. CONCLUSION

For the reasons stated above, Petitioner's habeas petition (ECF No. 1) is **DISMISSED WITH PREJUDICE,** Petitioner is **DENIED** a certificate of appealability, and Petitioner's motion seeking judicial notice and discovery (ECF No. 6) is **DENIED**. An appropriate order will follow.

Date: December 29, 2017

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**